IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN BERBERICH,<br><br>*Plaintiff,*<br><br>vs.<br><br>THE KANSAS CITY SOUTHERN<br>RAILWAY COMPANY,<br><br>*Defendant.* | Case No. 2:22-cv-02426-EFM-TJJ |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Justin Berberich's Motion to Strike Phillips Declaration (Doc. 45). Plaintiff's lawsuit arises under the Federal Rail Safety Act ("FRSA"). He claims that Defendant The Kansas City Southern Railway Company violated the act by disciplining him for absenteeism during a pending OSHA investigation. Plaintiff now moves to strike Ron Phillips as a witness because Defendant did not disclose him. For the reasons set forth below, the Court finds that Defendant's failure to disclose Phillips violated Fed. R. Civ. Proc. 37(c)(1). However, because any prejudice to Plaintiff is curable, the Court will not strike Phillips as a witness. Instead, Defendant is ordered to provide Plaintiff with copies of all documents upon which Phillips relies within 14 days of the issuance of this Order, and Plaintiff will be permitted to depose Phillips within 30 days thereafter.

### I.     Factual and Procedural Background

The Court recently set out the facts underlying Plaintiff's lawsuit in its Order on Defendant's Motion for Summary Judgment. As of the issuance of that Order, Plaintiff has one remaining claim under the FRSA—discipline for absenteeism during OSHA's investigation into his case.

As noted in the prior Order, Defendant did not address Plaintiff's absenteeism claim until its reply to Defendant's Motion for Summary Judgment. In support of that reply, Defendant submitted an affidavit by Ron Phillips. Phillips states that he was Defendant's General Manager North Division. In that position, Phillips held the responsibility of deciding whether to discipline Plaintiff for absenteeism. Phillips claims that Plaintiff engaged in a pattern of excessive layoffs between February 12, 2022, and May 16, 2022. He also states that the days Plaintiff claimed to be involved in the OSHA investigation hearing were either personal or compensated vacation days and did not factor into Phillip's decision.

Plaintiff moved to strike Phillips as a witness, claiming surprise and prejudice because Defendant never disclosed him during discovery. However, Plaintiff identified Phillips as a potential witness and person with discoverable information in both his Initial Disclosures and Amended Initial Disclosures. Specifically, Plaintiff named Phillips in a long list of Defendant's employees who "are likely to have knowledge of . . . [Defendant]'s policies, procedures, and practices regarding employees engaging in FRSA-protected activity and/or employee discipline." Plaintiff never deposed Phillips.

## II. Legal Standard

Among the required initial disclosures under Rule 26(a) and (e), parties must identify each individual likely to have discoverable information and the subject of that information.[1] Under Fed. R. Civ. Proc. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[2]  While districts courts need not make "explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the Tenth Circuit requires them to consider four factors.[3]  These are: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[4]

## III. Analysis

The Court recognizes that in the context of Defendant's Motion for Summary Judgment, Plaintiff's Motion to Strike is now moot.  In its prior Order, however, the Court noted the complete lack of specific detail regarding Plaintiff's absenteeism claim.  Because Defendant identifies

---

[1] Fed. R. Civ. Proc. 26(a)(1)(A)(i) and (e)(1).

[2] *Gale v. Uintah Cnty.*, 720 F. App'x 427, 432 (10th Cir. 2017) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life*, 170 F.3d 985, 993 (10th Cir. 1999)).

[3] *Id.* (further citation and quotations omitted).

[4] *Id.* (further citation and quotations omitted).

Phillips as a key witness capable of providing some of those details, he will almost certainly be called at trial. Therefore, the issue of whether to allow him to testify remains before this Court.

Plaintiff takes issue with Defendant's failure to disclose Ron Phillips during its Rule 26(a) disclosures, offering the case of *Marksberry v. FCA US LLC*[5] as a comparison. There, the plaintiff disclosed the identity of a potential witness only for the witness to inform the plaintiff that he had no helpful information.[6] Thus, the plaintiff had no reason to suspect that the defendant would rely on that witness's testimony.[7] Ultimately, the *Marksberry* court determined that the defendant's use of that witness without disclosing him violated Rule 37(c).[8] The court reasoned that "knowing the identity of a person is not the same as knowing the opposing party plans to rely on him as a witness and does not alleviate the mandates of Rule 26(a) and (e)."[9] However, the court also held that any prejudice was curable through allowing the plaintiff to gather discovery through the late-disclosed witness.[10]

In his Reply, Plaintiff acknowledges that he disclosed Phillips but claims that he did so based solely on Phillips' knowledge of Defendant's policies and procedures—not because Phillips disciplined Plaintiff for absenteeism. Plaintiff's disclosures back up his argument, as they only name Phillips without further comment in a long list of Defendant's employees who "are likely to have knowledge of . . . [Defendant]'s policies, procedures, and practices regarding employees engaging in FRSA-protected activity and/or employee discipline." Defendant offers no specific

---

[5] 2021 WL 2407579 (D. Kan. June 11, 2021).

[6] *Id.* at *3 n.26.

[7] *Id.* at *3.

[8] *Id.*

[9] *Id.*

[10] *Id.* at *5.

facts as to why Plaintiff would have been aware that Phillips was the individual responsible for disciplining him. Although not a perfect comparison, Plaintiff's case resembles *Marksberry* in that though Plaintiff disclosed Phillips, he would not have necessarily realized that Defendant intended to rely on his testimony at summary judgment or trial.

Recognizing that this is a close call, the Court concludes that Defendant violated Rule 37(c) by failing to identify Phillips. However, that violation does not require striking Phillips as a witness because Defendant's failure is harmless. Plaintiff may have suffered some prejudice in Defendant's late-reveal of a key witness, but that prejudice is entirely curable. And allowing Defendant to introduce Phillips' testimony at trial would not be disruptive—rather, Phillips by virtue of his part in this drama is a key and necessary witness on Plaintiff's absenteeism claim. Finally, it does not appear that Plaintiff brings the present Motion in bad faith.

The Court concludes that the best course of action would be to allow Plaintiff to depose Phillips prior to trial and receive all documents upon which Phillips relies. Doing so would allow Plaintiff to cure any prejudice caused by Defendant's failure to identify Phillips as a fact witness relevant to Plaintiff's absenteeism claim. Defendant is hereby ordered to provide Plaintiff with all documents relied upon by Phillips with respect to the absenteeism claim within 14 days of the date of this Order. Any documents not provided by Defendant within that time frame will not be admitted at trial. The Court will then allow Plaintiff 30 days from that time period in which to depose Phillips. Should Plaintiff fail to avail himself of the opportunity to depose Phillips, the Court will not prevent Defendant from presenting Phillips' testimony at the upcoming trial in this case. The parties should not expect the Court to grant any motions to continue the trial date to allow more time for discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (Doc. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant is hereby ordered to provide Plaintiff with all documents relied upon by Phillips with respect to the absenteeism claim within 14 days of the date of this Order. Any documents not provided within that time frame will not be admitted at trial.

**IT IS FURTHER ORDERED** that Plaintiff will have 30 days from that time period in which to depose Phillips. Given the tight time frame until trial, Defendant is ordered to make Phillips promptly available for deposition within that time frame upon Plaintiff's request, and its failure to do so will result in Defendant being prohibited from calling Phillips as a witness at trial on these issues.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE