FILED
U.S. District Court
District of Kansas

JUL 0 2 2024

Clerk, U.S. District Court
By_____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

JUSTIN BERBERICH,

        Plaintiff,

v.

        Case No. 2:22-cv-02426-EFM

THE KANSAS CITY SOUTHERN

RAILWAY COMPANY,

        Defendant.

## INSTRUCTIONS TO THE JURY

## INSTRUCTION NO. ___1___

## INTRODUCTION

The time has now come for me to explain to you the law that will govern your jury deliberations.

You are duty bound to follow the law as I explain it to you in the instructions that I am about to give you. You as jurors are the sole judges of the facts. This means that you must take the law as I explain it to you and apply the law to the facts revealed by the evidence.

Do not single out any one instruction alone as stating the law. Rather, consider my instructions in their entirety.

Also, do not concern yourselves with the wisdom of the law. Despite any opinion you may have about what the law should be, you would violate your sworn duty if you were to base your verdict upon any view of the law other than that given to you in these instructions.

INSTRUCTION NO. __2__

CONTENTIONS OF THE PARTIES

This instruction sets forth Plaintiff Justin Berberich's claim against Defendant The Kansas City Southern Railway Company, as well as Defendant's denial of Plaintiff's claim and certain claims and defenses asserted by Defendant. This claim, Defendant's denial of the claim, and the asserted defenses, are not evidence and you should not consider them as evidence. They simply explain the nature of the parties' dispute.

Plaintiff is employed by Defendant. He claims that he missed work during the spring of 2022 to participate in a hearing before the Department of Labor, and in retaliation for the missed work his employer, Defendant, assessed attendance points against him. As a result of that assessment of attendance points against him, Plaintiff claims that he suffered stress and is entitled to an award of damages for emotional distress. He further claims that Defendant's conduct was severe enough to warrant punitive damages. Plaintiff has the burden to prove his claims by a preponderance of the evidence.

Defendant denies Plaintiff's allegations. Defendant claims that Plaintiff has suffered no consequences from being assessed two discipline points for missing 12 days of work during the relevant time period. Even if the jury finds that Plaintiff has demonstrated a prima facie case of his claim under the legal instructions given by the Court, Defendant claims as an affirmative defense that it would have assessed the same attendance points against Plaintiff even had he not missed work to attend the hearing, such that Plaintiff is not entitled to any recovery. Defendant has the burden to prove its affirmative defense by clear and convincing evidence.

INSTRUCTION NO. _____3_____

## BURDEN OF PROOF

Plaintiff has the burden of proof on his claim by a preponderance of the evidence. "Burden of proof" means burden of persuasion.

A party who must prove something by a preponderance of the evidence must persuade you that its claims are more probably true than not true. To prove that something is more probably true than not true does not necessarily mean by the greater number of witnesses, or the length of the presentation of testimony, but rather by the greater weight of the evidence, taken together— that is, that evidence upon any question or issue which convinces you most strongly of its truthfulness. If the evidence on an issue is equally balanced, then the party having the burden to establish that issue must fail.

Defendant has the burden of proof on its affirmative defense by clear and convincing evidence. A party who must prove something by clear and convincing evidence must persuade you of the truth of its claim by evidence that is "clear" in the sense that it is certain, plain to understand, and unambiguous, and "convincing" in the sense that it is so reasonable and persuasive as to cause you to believe it. To prove something by clear and convincing evidence is a higher standard than by a preponderance of the evidence, however, it does not require proof beyond a reasonable doubt.

In determining whether a party has met his burden of proof you will consider all the evidence, regardless of which party produced the evidence.

INSTRUCTION NO. _____4_____

ELEMENTS OF COUNT 1

Plaintiff Justin Berberich has asserted a claim against Defendant The Kansas City Southern Railway Company under the Federal Rail Safety Act, known as the FRSA.  In order for Plaintiff to establish his claim under the FRSA, he has the burden of proving by a preponderance of the evidence:

1.      That Plaintiff engaged in a protected activity; and

2.      That Defendant knew Plaintiff engaged in the protected activity; and

3.      That Plaintiff suffered an unfavorable personnel action; and

4.      That the protected activity was a contributing factor in the unfavorable action.

If you find that Plaintiff has not proved any one of these elements by a preponderance of the evidence, you must return a verdict for Defendant.

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence, then the burden shifts to Defendant to show by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of Plaintiff's protected activity.

INSTRUCTION NO. _____5_____:

PROTECTED ACTIVITY

Protected activity, as contemplated by the FRSA, is a lawful, good faith act done to provide information, directly cause information to be provided, or otherwise directly assist in any investigation regarding any conduct which the employee reasonably believes constitutes a violation of any Federal law, rule, or regulation relating to railroad safety or security where that information is provided to a Federal, State, or local regulatory or law enforcement agency or a person with supervisory authority over the employee or such other person who has the authority to investigate, discover, or terminate the misconduct.

INSTRUCTION NO. _____6_____:

DEFENDANT'S KNOWLEDGE

To find that Defendant as a corporation knew of Plaintiff's protected activity, should you find any, it is not enough for Plaintiff to show that someone in the organization knew of his protected activity. Instead, Plaintiff must prove that the relevant decisionmaker—i.e., the one responsible for the unfavorable personnel action—knew of Plaintiff's protected activity.

INSTRUCTION NO. _____7_____:

## UNFAVORABLE PERSONNEL ACTION

An unfavorable personnel action as defined by the FRSA includes discharge, demotion, suspension, reprimand, or any other form of discrimination.

INSTRUCTION NO. _____8_____:

## CONTRIBUTING FACTOR

Plaintiff must prove that his protected activity was a contributing factor in Defendant assessing an unfavorable personnel action. That does not mean it must be the sole cause—however, Plaintiff must show that his protected activity contributed to the decision.

INSTRUCTION NO. _____9_____:

## REASONABLENESS OF DEFENDANT'S ACTION

In deciding Plaintiff's claim, you should not concern yourselves with whether KCS' decision to assess two absentee discipline points was wise, reasonable, or fair. Your only concern must be whether Plaintiff has proven that his protected activities contributed to Defendant's decision. You may not return a verdict for Plaintiff just because you might disagree with KCS' decision or believe it to be harsh or unreasonable.

INSTRUCTION NO. _____ 10 _____:

## COMPENSATORY DAMAGES

If you find in favor of Plaintiff on his claim, then you must determine the amount of damages that will fairly and justly compensate Plaintiff for any damages that Defendant has caused him to sustain or that he is reasonably certain to sustain in the future. Plaintiff has the burden of proving damages by a preponderance of the evidence. You may award compensatory damages only for injuries Plaintiff proves were caused by Defendant's allegedly wrongful conduct.

In this case, Plaintiff is not seeking any damages for lost wages or loss of benefits. Instead, Plaintiff seeks to recover damages for any mental or emotional pain, suffering, or humiliation which Defendant's conduct may have caused Plaintiff in the past or that he is reasonably certain to experience in the future. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial to compensate Plaintiff for any such injuries you find he has sustained. In other words, the damages that you award must be fair compensation— no more and no less. Your award must be based on the evidence and not on speculation or guesswork.

INSTRUCTION NO. _____11_____:

PUNITIVE DAMAGES

Plaintiff claims that Defendant retaliated against him with malice or reckless indifference to his federally protected rights so as to entitle Plaintiff to an award of punitive damages in addition to compensatory damages.

You may award punitive damages if you find the Plaintiff has proved by a preponderance of the evidence that the Defendant acted with reckless or callous disregard of the Plaintiff's right to be free from retaliation for engaging in a protected activity. Defendant acted with reckless or callous disregard if Plaintiff proved by a preponderance of the evidence that Defendant's employee who was the decisionmaker regarding Plaintiff's alleged unfavorable personnel action knew that the action was in violation of the law prohibiting retaliation, or acted with reckless or callous disregard of that law. If you find that punitive damages should be assessed against Defendant, you should consider all relevant factors, including:

1.    The impact or severity of Defendant's conduct.

2.    The amount needed, considering the Defendant's financial condition, to prevent the conduct from being repeated.

3.    The actual harm inflicted on Plaintiff.

4.    The amount of compensatory damages.

5.    The attitudes and actions of Defendant's top management after the misconduct was discovered.

6.    The potential profits Defendant may have made from its conduct.

7.    The financial resources of Defendant.

8.    The effect of the damages award on Defendant's financial condition.

INSTRUCTION NO. _____ 12 ___ :

EVIDENCE - DEFINED

You may consider as evidence everything that was admitted during trial such as witness testimony in person or by deposition, an article or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation.

A "stipulation" exists when the attorneys for both parties agree that a particular fact exists. You must accept such a stipulation as true.

You are permitted to draw reasonable inferences based on your experience, if reason and common sense lead you to draw particular conclusions based on the evidence. But such inferences must arise from the evidence that you will see and hear in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers ask. I may also ruled that you cannot see some of the exhibits that the lawyers want you to see. And sometimes I have ordered you to disregard things that you see or hear, or that I struck from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

- 13 -

You may thus consider only the evidence offered in this courtroom, and these instructions I am giving you, and should not rely on any other facts or authority. Specifically, you should not do any computer research on your own about any matters relating to this case, you should not look up words for definitions different or beyond what I give you here.

INSTRUCTION NO. ___13___ :

RULINGS—EVIDENCE FOR LIMITED PURPOSE—REDACTIONS

At times during trial, I ruled on the attorneys' objections to admitting certain items into evidence. Questions relating to the admissibility of evidence are solely questions of law for me. You must not concern yourselves with the reasons for my rulings and do not draw any inferences from my rulings. Consider only the evidence admitted.

Some evidence may be admitted for a limited purpose only. When I instruct you that particular evidence is admitted for a limited purpose, you must consider that evidence only for that purpose and for no other.

Some of the exhibits may contain redactions. The portions of those exhibits have been redacted either because I have excluded the redacted portions from the evidence or because the parties have agreed that the redacted portions should not be admitted. You should disregard any redactions just as you would disregard any other evidence that I have excluded from the record.

INSTRUCTION NO. ___14___:

## CREDIBILITY OF WITNESSES

Although you must consider all of the evidence in this case, this does not mean that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.

In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the plaintiff or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? How do you assess the witness's manner while testifying, and the witness's candor, fairness and intelligence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing the conflicting testimony between witnesses, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions

- 16 -

which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. <u>  15  </u> :

IMPEACHMENT AND CREDIBILITY

You are to determine the weight and credit to give each witness'' testimony.  You have a right to use common knowledge and experience in evaluating witnesses' testimony.

A witness may be discredited or "impeached" by contradictory evidence, or by evidence that at some other time the witness has made an oral or written statement or testified in a deposition in a manner which is inconsistent with the witness' present testimony, if on a matter which is material to the issues.

You may consider such evidence only insofar as it may impact the witness' credibility— that is, only in deciding the weight and credit to be given to that witness' testimony.

If you believe that any witness has been so impeached, then it is your exclusive function to give the testimony of that witness such credibility or weight, if any, you think it deserves.

INSTRUCTION NO. _____16____:

## DIRECT AND CIRCUMSTANTIAL EVIDENCE—INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

INSTRUCTION NO. _____17_____ :

## WHAT IS NOT EVIDENCE

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses will say while they are testifying under oath, the exhibits that I allow into evidence, the stipulations that the lawyers agree to, and any facts that I may judicially notice.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers ask. I may also have ruled that you cannot see some of the exhibits that the lawyers want you to see. And sometimes I may have ordered you to disregard things that you see or hear, or that I strike from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

INSTRUCTION NO. ___18___:

DEMONSTRATIVE EXHIBITS

Certain exhibits will be shown to you over the course of the trial that are illustrations. We call these types of exhibits demonstrative exhibits. Demonstrative exhibits are a party's depiction, picture, model, or something to describe what's involved in the trial. If your recollection of the evidence differs from the demonstratives, you should rely on your recollection. Demonstratives are not evidence, but the witness' testimony concerning the use of a demonstrative exhibit is evidence. Demonstrative exhibits will not be available for you to view during your deliberations.

INSTRUCTION NO.    19   :

CORPORATIONS AND AGENTS

Defendant Kansas City Southern Railway Company is a corporation and can act only through its officers and employees. The actions of an officer or employee acting within the scope of his or her employment are the actions of the corporation.

INSTRUCTION NO.     20   :

EQUAL BEFORE THE LAW

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. Corporations are entitled to the same fair trial at your hands as a private individual. All persons (including corporations) stand equal before the law and are to be dealt with as equals in a court of justice.

INSTRUCTION NO.    21  :

## NO INFERENCE FROM DAMAGES INSTRUCTION

You should not consider the fact that I have instructed you about the proper measure of damages as an indication of my views regarding which party is entitled to your verdict in this case. That is entirely for you, the jury, to decide. I am giving you instructions about damages solely to provide you with guidance if you should find in favor of Plaintiff.

INSTRUCTION NO. ___22 :

## NOTE-TAKING

The Court permitted you to take notes during this trial, if you wanted to. If you did take notes, remember that any notes that you took are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. Your notes are not evidence.

If you did not take notes, you should not be influenced by the notes of other jurors but should rely on your independent recollection of the evidence. Even if you did take notes, you should not be unduly influenced by the notes of other jurors if they differ from yours. There can be a tendency to attach too much importance to what someone has written down, but notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony. Remember, something that may not have seemed important at the time, and thus was not written down in your notes, may take on greater importance later in the trial in light of all the evidence presented, the Court's instructions on the law, and the final arguments.

Therefore, don't attach undue importance to your notes, or be unduly influenced by another juror's notes. Your notes are not evidence, and are by no means a complete summary of the trial. They are only an aid to your memory, and it is your collective memory that is your greatest asset in deciding this case.

INSTRUCTION NO.   23  :

## CONCLUSION OF PRELIMINARY INSTRUCTIONS

I did not intend in anything that I said or did – not in these instructions, in any ruling, or in any action or remark I may make during trial – to suggest how I would resolve any of the issues in this case.

You will hear closing arguments by counsel. Following closing arguments, I will have a few remaining instructions to give you concerning your deliberations.

# INSTRUCTION NO.    24   :

## DELIBERATIONS

Your verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

As jurors, you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violating your individual judgment. Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges – judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

INSTRUCTION NO.    25   :

DELIBERATIONS AS A BODY

A suggestion by the Court – technically not an instruction upon the law – may assist your deliberations.  The attitude of jurors at the outset of and during their deliberations is important.  It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict.  The reason is obvious:  we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice.  This presupposes and requires deliberation – counseling together in an effort to agree.  Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties.  You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been admitted.  No one can ask more and you will not be satisfied to do less.

INSTRUCTION NO. _____26___ :

DELIBERATION PROCEDURE

When you retire to the jury room, you should first select one of you as the foreperson to preside over your deliberations, speak for the jury when in court, and sign the verdict.

The next thing you should do is read the Court's instructions. One of the purposes of the instructions is to guide your deliberations. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict is based, but for your verdict to be valid, you must follow the Court's instructions throughout your deliberations. Remember, you are judges of the facts, but you are bound by your oath to follow the law as stated in the instructions. Your verdict must be founded entirely upon the evidence admitted and the law that I have given to you in these instructions.

Your verdict must be unanimous. A form of verdict has been prepared for your convenience. Once you reach a unanimous verdict, the foreperson should complete the verdict form pursuant to its instructions, date and sign it, and then notify my clerk that you have reached a verdict. The foreperson will carry the completed verdict into the courtroom and, after we have returned to the courtroom, hand it to the clerk when instructed to do so.

INSTRUCTION NO. ___27___ :

## COMMUNICATIONS WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, please reduce your message or question to writing and give the note to my clerk, who, in turn, will pass the note along to me. The note must be signed by your foreperson or by one or more of you. I will then respond as promptly as possible, either in writing, or by having you return to the courtroom so that I can address you orally. You should never, in any written note that you might send, or in any comments, state or specify your numerical division at any time, until you have reached a unanimous verdict.

During your deliberations, you must also not communicate with, or provide any information to, anyone about this case by any means. None of you should ever attempt to communicate with me about the merits of the case in any way other than by a signed writing. I will not communicate with any of you on any subject involving the merits of the case other than in writing, or orally here in open court.

_____7/2/24_____
Date

_____Eric F. Melgren_____
Eric F. Melgren
United States District Judge