## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JUSTIN BERBERICH,

        *Plaintiff,*

v.

        Case No. 22-2426-EFM

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY,

        *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Justin Berberich's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. 87). After a full trial, the jury returned a verdict in favor of Defendant Kansas City Southern Railway Company ("KCSR") finding that Plaintiff did not prove the elements of his Federal Railway Safety Act ("FRSA") claim. Plaintiff asks the Court to set aside this verdict, arguing that Plaintiff's evidence established every element of his FRSA claim and KCSR offered no evidence to contradict or impeach it. Additionally, Plaintiff asks for a new trial. For the following reasons, the Court denies Plaintiff's Motion.

### I.        Factual and Procedural Background

The background of this case up to trial is fully summarized in the Court's previous orders. In short, on October 19, 2022, Plaintiff brought FRSA claims under three different theories in this action. Plaintiff claimed to engage in three separate instances of protected activity: (1) throwing

the switch in January 2019; (2) bracing himself against the railcar in February 2019; and (3) taking time off from work to assist in the OSHA investigation.

On February 9, 2024, the Court granted KCSR's motion for summary judgment as to the first and second theories of protected activity. However, it denied summary judgment as to the third theory—the FRSA absenteeism claim.

Trial began on July 1, 2024. The parties stipulated that the four days Plaintiff took off work to prepare for and participate in the Department of Labor hearing constituted a protected activity. The jury was presented with evidence that Plaintiff missed twelve days of work in addition to the four days off of protected activity. The jury also heard KCSR's manager testify that he disciplined Plaintiff for absenteeism because missing twelve days of work exceeds the ten missed days limit.

After KCSR rested its case, Plaintiff moved for judgment as a matter of law. The Court denied Plaintiff's motion.

On July 2, 2024, the jury ultimately returned a verdict in favor of KCSR. The jury found that Plaintiff did not prove the prima facie elements of the FRSA claim by a preponderance of the evidence.

On July 30, 2024, Plaintiff renewed his Motion for Judgment as a Matter of Law and requested a new trial. The matter has been fully briefed and is now ripe for the Court's ruling.

## II.    Legal Standard

Under Fed. R. Civ. P. 50(a)(1), the Court may issue a judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Thus, "[j]udgment as a matter of law is only appropriate if the evidence points but one way and is

susceptible to no reasonable inferences" that may support the opposing party's position.[1] "This is a difficult and high standard for the movant to satisfy."[2] When considering a motion for judgment as a matter of law, the court views "the record in the light most favorable to the non-moving party."[3] "The court may not reweigh the evidence presented, pass upon the credibility of witnesses, or in any manner substitute its judgment for that of the jury."[4] "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."[5] Rule 50(b) allows the party that made a Rule 50(a) motion for judgment as a matter of law during the trial to "file a renewed motion for judgment as a matter of law" after the trial and include an alternate motion for a new trial under Rule 59."

Fed. R. Civ. P. 59(a) allows the court to grant a new trial on a motion "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." The decision to grant a motion for new trial is within the sound discretion of the trial court.[6] Such a motion is "not regarded with favor and should only be granted with great caution."[7] The party seeking to set aside a jury verdict must demonstrate trial errors constituting prejudicial error or demonstrate that the verdict is not based on substantial evidence.[8] In making that determination,

---

[1] *Strickland v. United Parcel Serv., Inc.*, 55 F.3d 1224, 1228 (10th Cir. 2009) (internal quotations and citations omitted).

[2] *Smith v. United States*, 555 F.3d 1158, 1162 (10th Cir. 2009).

[3] *Jensen v. W. Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (quotations omitted).

[4] *Meyerhoff v. Michelin Tire Corp.*, 852 F. Supp. 933, 943 (D. Kan. 1994), *aff'd*, 70 F.3d 1175 (10th Cir. 1995).

[5] Fed. R. Civ. P. 50(a).

[6] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993).

[7] *Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, 722 F. Supp. 2d 1250, 1258 (D. Kan. 2010) (internal quotations and citations omitted).

[8] *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

the Court's "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence."[9] The Court will "ignore errors that do not affect the essential fairness of the trial."[10]

### III.    Analysis

At the outset, the Court must admonish the parties for their reliance on an unofficial transcript of the trial to support their arguments. Local Rule 80.1 prohibits the use of unofficial transcripts without prior authorization by the Court.[11] The Court may disregard any material, or quotations of any material, filed in violation of this rule.[12] The parties did not obtain the Court's authorization to use an unofficial transcript in their briefings. Therefore, the Court disregards the unofficial transcript and the quotations made thereto. Without the transcript, Plaintiff's Motion is without any support, and so, the Court denies it. However, even if the parties had relied upon an official transcript of the trial, Plaintiff's renewed request for judgment as a matter of law and a new trial would be denied for the reasons stated below.

### A.    Renewed Motion for Judgment as a Matter of Law

Plaintiff renews his request for judgment as a matter of law, arguing that the evidence he presented at trial clearly establishes the elements of his FRSA absenteeism claim and KCSR offered no evidence to contradict or impeach it.

---

[9] *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986).

[10] *McDonough*, 464 U.S. at 553.

[11] D. Kan. R. 80.1 ("Absent prior court authorization, only certified transcripts of prior sworn testimony ("Testimonial Transcripts"), and not unofficial real-time transcripts of such testimony, may be quoted from in arguments to the court or in filings with the court.").

[12] *Id*.

On a renewed motion for judgment as a matter of law, the Court will not change the jury's decision if a reasonable inference supports KCSR's position regarding the FRSA absenteeism claim.[13] A plaintiff may successfully prove a FRSA claim under 49 U.S.C. § 42121(b)'s burden-shifting framework.[14] First, a plaintiff must establish his prima facie case by a preponderance of the evidence.[15] Establishing a prima facie case requires showing: "(1) the employee engaged in a protected activity; (2) the employer knew that the employee engaged in the protected activity; (3) the employee suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action."[16] If the employee succeeds, the burden shifts to the employer to "demonstrate[ ] by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that" employee's protected activity.[17]

The parties did not dispute the first element—that Plaintiff's four days of missed work to prepare for and participate in the Department of Labor hearing constituted a protected activity. As such, the Court will evaluate the remaining prima facie elements to determine whether reasonable inferences exist to support KSCR's position. In this case, the Court begins and ends its analysis with the fourth element.

---

[13] *See Strickland*, 555 F.3d at 1228; *see also Fresquez*, 52 F. 4th at 1296.

[14] *Fresquez v. BNSF Ry. Co.*, 52 F.4th 1280, 1296 (10th Cir. 2022).

[15] *Id.*

[16] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1212 (10th Cir. 2018) (further citation and quotations omitted).

[17] 49 U.S.C. § 42121(b)(2)(B)(iv).

####### 1.    *Contributing factor*

To determine whether the protected activity was a contributing factor in the unfavorable action, the employee must show by a preponderance of the evidence that the protected activity was "one of the factors that tended to affect in any way the personnel action."[18]

Plaintiff claims that the evidence presented to the jury at trial overwhelmingly supports his contention that his four days off for the Department of Labor hearing contributed to KCSR charging and disciplining him for absenteeism, and that there is no evidence to support KCSR's position that Plaintiff's four days of missed work was not a contributing factor in its decision to charge and discipline Plaintiff for absenteeism. While there is no direct evidence that the marking off four days off was not a contributing factor, there is circumstantial evidence to that effect. The jury was presented with evidence that Plaintiff missed twelve days of work in addition to the four days of protected activity. Additionally, KCSR's manager testified that he disciplined Plaintiff for absenteeism because Plaintiff's twelve days of missed work violated the ten-day limit. Thus, the jury could have reasonably inferred that Plaintiff's four days off for the Department of Labor hearing did not contribute to his discipline for absenteeism. Rather, the jury could have reasonably inferred from the evidence that Plaintiff was disciplined for exceeding the missed work limit by two days.

Plaintiff argues that exceeding the missed work limit is insufficient to support a reasonable inference for KCSR's position, Instead, he claims that such evidence goes to KCSR's shifted burden of showing that Plaintiff would have been disciplined even absent the protected activity. The Court is unpersuaded by this argument. While this evidence could be used to determine

---

[18] *BNSF R. Co. v. U.S. Dep't of Lab.*, 816 F.3d 628, 639 (10th Cir. 2016).

whether KCSR met its burden, it could also be used to determine whether Plaintiff met his prima facie burden. Evidence can be relevant for multiple purposes, and the jury is not precluded from considering the same evidence to determine if differing elements or burdens are met.

In this case, there was certainly evidence from which the jury could have concluded that the four days off contributed to Plaintiff's discipline for absenteeism; however, there was also sufficient circumstantial evidence to support the opposite conclusion. Thus, the jury reasonably could, and did, return a verdict in favor of KCSR based on the circumstantial evidence discussed above. As such, Plaintiff fails to meet his high burden of showing that the evidence does not support any reasonable inferences for KCSR's position. Therefore, the Court denies Plaintiff's renewed motion for judgment as a matter of law.

## B.    Motion for a New Trial

Plaintiff also requests a new trial because he asserts that the evidence supporting his FRSA absenteeism claim entirely weighs in his favor. However, as the Court discussed above, there was evidence presented to the jury that supported KCSR's position. Therefore, Plaintiff fails to meet his burden to show that a new trial is warranted on that basis. Consequently, the Court denies Plaintiff's motion for a new trial.

**IT IS THEREFORE ORDERED** that Plaintiff Justin Berberich's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. 87) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE